UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FILED
APR 17 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JOHN ALFRED REGALADO, )
)
Plaintiff, )
)
v. ) Civil Action No. 19-0851 (UNA)
)
DONALD TRUMP, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

The plaintiff brings this action against present and past Presidents of the United States, former Governors of Texas, federal district judges of the United States District Court for the Eastern District of Texas, and a host of federal officials and Teas law enforcement officers. According to the plaintiff, the defendants have committed "some sort of . . . corruptiveness, to the point of knowingly and intentionally aiding and abetting in organized crime." Compl. at 3 (page number designated by ECF). He demands damages of $105 billion as compensation for pain, suffering and mental anguish. *Id*. at 4-5.

Insofar as the plaintiff demands money damages from the federal government, the Court construes the claim as one that ordinarily would proceed under the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. §§ 1346, 2671-80. His FTCA claim cannot survive, however, because he does not demonstrate that has presented his claim to the appropriate federal agency and the agency has denied that claim. *See* 28 U.S.C. § 2401(b); *McNeil v. United States*, 508 U.S. 106, 111 (1993). This exhaustion requirement is jurisdictional, and absent any showing that the

plaintiff has exhausted his administrative remedies, the Court lacks jurisdiction over this claim. *See Abdurrahman v. Engstrom*, 168 F. App'x 445 (D.C. Cir. 2005). Furthermore, while the FTCA is one example of an express waiver of the federal government's sovereign immunity, it does not expose the United States to liability for the commission of all torts, *see, e.g., Richards v. United States*, 369 U.S. 1, 6 (1962). Because "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims," *FDIC v. Meyer*, 510 U.S. 471, 478 (1994), the Court lacks subject matter jurisdiction over the plaintiff's constitutional tort claim against the federal government itself or against federal government officials sued in their official capacities.

The plaintiff's claims against the federal judges also fail. These judges enjoys absolute immunity from liability for damages for acts taken in their judicial capacity. *See Mirales v. Waco*, 502 U.S. 9 (1991) (finding that "judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Forrester v. White*, 484 U.S. 219, 226-27 (1988; *Stump v. Sparkman*, 435 U.S. 349, 364 (1978); *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967).

With respect to the remaining defendants, the plaintiff's complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Court will grant the plaintiff's application to proceed *in forma pauperis* and dismiss the complaint. An Order accompanies this Memorandum Opinion.

DATE: April 16, 2019

United States District Judge